Filed 10/30/13  P. v. Harmon CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B243880 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA 070676) |
| v. | |
| KELLY HARMON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joseph A. Brandolino, Judge.  Affirmed.

Cynthia A. Grimm, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

After hearing evidence that defendant Kelly Harmon entered a Gelson's Market, placed several items in his pockets, and after watching a video of defendant inside Gelson's, a jury convicted him of second degree burglary. Jurors acquitted defendant of robbery based on an altercation with a Gelson's security guard. On appeal, defendant's counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 stating that no arguable issue exists. We have independently reviewed the record including the denial of discovery following defendant's *Pitchess* motion. (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).) We affirm the judgment.

## FACTS AND PROCEDURE

Defendant was charged with second degree commercial burglary (Pen. Code, § 459) and second degree robbery (§ 211). Defendant pled not guilty.

Defendant sought discovery pursuant to *Pitchess, supra*, 11 Cal.3d 531 and the court held an in camera hearing. Following the in camera hearing, the court concluded there was no discoverable evidence.

Evidence at trial showed that on April 11, 2012, about 3:00 p.m., defendant entered a Gelson's grocery store and walked to the beverage aisle and then the liquor aisle. Defendant's actions were videotaped. Defendant picked up an energy drink. Defendant also picked up a bottle of vodka and a bottle of champagne. Defendant concealed the energy drink in his left jacket pocket, the vodka bottle in his back pocket, and the champagne in his right jacket pocket. Defendant exited the store without paying for the energy drink, vodka, or champagne.

Defendant was stopped by a security guard employed by Gelson's. Defendant struggled with the guard. Two other security guards assisted in apprehending defendant. The security guards handcuffed defendant. About one minute later, police officers arrived. One police officer who responded to the scene recovered various bottles of alcohol stashed in defendant's jacket and pants.

2

No witnesses testified for the defense.  Defense counsel argued that no robbery occurred.  Counsel argued "I'm not asking you to decide whether or not Mr. Harmon should have taken the alcohol, whether he should have gone into the store without paying for the items.  We're here simply with regard to this issue of force. . . ."  Counsel asked the jury to return a verdict of not guilty on the robbery charge.

Defendant was found guilty of second degree burglary and not guilty of second degree robbery.

Defendant was sentenced to county jail for two years.  The trial court corrected the abstract of judgment to indicate that the crime was committed in 2012.  Defendant timely appealed.

## DISCUSSION

The court appointed counsel to represent defendant.  Counsel filed a brief pursuant to *People v. Wende, supra*, 25 Cal.3d 436 identifying no issues but requesting the court independently review the record for errors in connection with the in camera *Pitchess* hearing.  (*Pitchess, supra*, 11 Cal.3d 531.)  Defendant did not file a supplemental brief.  We have reviewed the entire record and find no arguable issue on appeal and are satisfied that defendant's attorney has fully complied with the responsibilities of counsel.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; see also *People v. Kelly* (2006) 40 Cal.4th 106, 111; *People v. Wende, supra*, at p. 441.)  We separately discuss defendant's *Pitchess* motion below.

The standards for evaluating a *Pitchess* motion are well established.  "[O]n a showing of good cause, a criminal defendant is entitled to discovery of relevant documents or information in the confidential personnel records of a peace officer accused of misconduct against the defendant.  [Citation.]  Good cause for discovery exists when the defendant shows both "'materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.'  [Citation.]  . . .  [Citation.]  If the defendant establishes good cause, the court must review the requested records in camera to

3

determine what information, if any, should be disclosed. [Citation.] Subject to certain statutory exceptions and limitations [citation], 'the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation."' [Citations.]" (*People v. Gaines* (2009) 46 Cal.4th 172, 179.) When a court improperly fails to find good cause and therefore fails to review documents in camera, the case must be conditionally remanded for the trial court to review the requested documents and issue a discovery order if warranted. (*Id*. at pp. 180-181.)

Here, defendant's showing of good cause was questionable because private security guards not police officers observed defendant remove items from the shelves in Gelson's Market, and private security guards apprehended defendant. Defendant did not demonstrate a plausible scenario of *officer misconduct* that might have occurred. (See *Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1024.)

Nevertheless, assuming defendant showed good cause, the trial court reviewed the files of the officer who arrived at the scene and took defendant into custody and the officer who interviewed defendant once he was in custody. The record suggests that there was one complaint against the arresting officer relevant to defendant's request for documents concerning alleged dishonesty. However, a conditional reversal is not warranted because defendant cannot demonstrate prejudice. (See *People v. Memro* (1985) 38 Cal.3d 658, 684 [defendant required to show prejudice], overruled on another ground in *People v. Gaines, supra*, 46 Cal.4th at p. 181, fn. 2.)

Defendant basically conceded the burglary. He argued only that he did not commit a robbery. Moreover evidence of the officers' personnel records would not assist in impeaching the security guards, who were the only percipient witnesses. Nor would evidence of the officers' personnel files have led to relevant evidence on a disputed issue. In short, the outcome of the case would not have been different if the court had disclosed the above-referenced complaint to the

4

defense.  (See *People v. Samuels* (2005) 36 Cal.4th 96, 110 [finding assumed error in denying *Pitchess* motion harmless "in light of the extensive evidence linking defendant" to crimes].)

## DISPOSITION

The judgment is affirmed.


FLIER, J.

WE CONCUR:


BIGELOW, P. J.


GRIMES, J.